OPINION OF THE COURT
Simons, J.
Defendant was convicted after a nonjury trial in the Walworth Town Court of operating a motor vehicle while his ability was impaired by the consumption of alcohol (Vehicle and Traffic Law § 1192 [1]). The conviction arose out of an incident which occurred at approximately 3:00 a.m. on July 20, 1985 when a westbound vehicle owned by defendant’s father left Route 441 and came to rest in a ditch on the north side of the highway facing east. When the investigating officer reached the scene of the accident, he found defendant and two companions, a male and a female, standing beside the vehicle. When asked who had been driving the vehicle, defendant responded that he had been driving westbound, that a deer had jumped in front of him, and that he had driven into the *187 ditch when he swerved to avoid the deer. Defendant then identified himself by producing his driver’s license. The officer testified that he smelled alcohol on defendant’s breath and that his appearance and conduct indicated he was intoxicated. The officer gave defendant a field sobriety test and, when he failed the test, he was arrested and taken to the police barracks where a breathalyzer test was administered. The test indicated that defendant had a blood alcohol level of .08%.
On appeal, County Court reversed the judgment and dismissed the information, finding defendant’s admission had not been sufficiently corroborated. The matter is before us by leave of a Judge of this court.
CPL 60.50 provides that a person may not be convicted of an offense "solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” The section does not require corroboration of confessions or admissions in every detail, but only "some proof, of whatever weight”, that the offense charged has in fact been committed by someone (People v Daniels, 37 NY2d 624, 629; see also, People v Cuozzo, 292 NY 85; People v White, 176 NY 331). Its purpose is to avoid the possibility that a crime may be confessed when, in fact, no crime has been committed (People v Lipsky, 57 NY2d 560, 570, quoting People v Reade, 13 NY2d 42; and People v Lytton, 257 NY 310). The requirements of the rule are not rigorous and sufficient corroboration exists when the confession is "supported” by independent evidence of the corpus delicti (see, People v Safian, 46 NY2d 181, 187, cert denied sub nom. Miner v New York, 443 US 912; cf. People v Brasch, 193 NY 46, 60-65; People v Jaehne, 103 NY 182, 199-200). The necessary additional evidence may be found in the presence of defendant at the scene of the crime, his guilty appearance afterward, or other circumstances supporting an inference of guilt (see, People v Cuozzo, supra, p 92; People v Reade, supra, p 46; and see, 7 Wigmore, Evidence § 2071, at 511 [Chadbourn rev]). Corroboration existing, the evidence as a whole must, of course, establish guilt beyond a reasonable doubt.
There was sufficient corroborative evidence in this case that the offense of driving while impaired had been committed on the evening in question. The vehicle owned by defendant’s father was found in a ditch, facing in the wrong direction of travel; the pavement of the highway was dry, negativing suggestions of an accidental skid; defendant and his compan *188 ions were standing next to the vehicle when the investigating officer arrived and, when defendant and his companions were asked who had been driving the vehicle, defendant volunteered to answer the question and produced his identification, indicating by his conduct that he was the driver. The officer noticed that defendant exhibited outward signs of intoxication and his breath smelled of alcohol. The circumstances of the accident may have been capable of innocent explanation, but they nonetheless supported an inference that a crime had been committed because the vehicle had been driven by a person under the influence of alcohol. Defendant’s admission was the "key” that explained those circumstances and established defendant’s connection to the criminal act (see, People v Lipsky, 57 NY2d 560, 571, supra; People v Brasch, 193 NY 46, 60-61, supra; People v Jaehne, 103 NY 182, 199-200, supra).
Accordingly, the order of the County Court should be reversed, the judgment of Walworth Town Court reinstated, and the case remitted to Wayne County Court for consideration of the facts.