■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD M. HENNIGAN, Appellant. (Appeal No. 1.)—Judgment

unanimously affirmed. Memorandum: Defendant's motion to suppress statements was properly denied. The police officer's questioning of defendant at the scene of the automobile accident about what had happened, who owned the car, whether he had been drinking and whether he had been driving the vehicle was clearly investigatory, not custodial, interrogation (see, *People v Palmiere,* 124 AD2d 1016; *People v Aia,* 105 AD2d 592, 593; *People v Brown,* 104 AD2d 696, 697; *People v Gardell,* 59 AD2d 929). Defendant's later statement, made at the police station, was also properly admissible.

There was sufficient evidence corroborating defendant's admissions. Defendant was observed walking unsteadily in the roadway approximately 200 feet away from his automobile, which had been involved in an accident. There was a single trail of footprints leading from the car to the place where defendant was observed walking, his hands were bloodied and he exhibited all the classic signs of intoxication. This additional evidence satisfies the requirement that defendant's confession be supported by some proof in addition to his admissions that the offense charged has been committed (see, CPL 60.50; *People v Booden,* 69 NY2d 185).

We find that the other issues raised on appeal are without merit. (Appeal from judgment of Onondaga County Court, Auser, J.—felony driving while intoxicated, two counts.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.