OPINION OF THE COURT
Emily Jane Goodman, J.
BACKGROUND
This case involves a prosecution based solely upon state *687 ments attributed to the defendant by the deponent, a police officer. The defendant is charged with unauthorized use of a vehicle (Penal Law § 165.05 [1]) and criminal possession of stolen property (Penal Law § 165.40). He moves to dismiss the charges for facial insufficiency, arguing that absent his statements there are no facts to support that a crime has been committed.
THE ACCUSATORY INSTRUMENT
The information* reads in pertinent part as follows:
"[D]eponent observed defendant driving a[n automobile] * * * and that defendant stated to deponent that T don’t have any papers for the car. It’s not my car, I took it from 103rd Street between Park and Lexington, the key was in it and we all went for a ride.’
"Further, deponent is informed by defendant that defendant did not have permission or authority to take, operate, exercise control over, ride in or otherwise use said vehicle.” (Emphasis added.)
ISSUES
1. Are the defendant’s alleged statements non-hearsay as required by CPL 100.40 (1) (c) and 100.15 (3)?
2. Is the element of lack of permission and authority sufficiently supported by the facts?
3. Must the existence of a crime be corroborated?
HEARSAY
To be facially sufficient a misdemeanor information must set forth non-hearsay facts which "establish, if true, every element of the offense charged”. (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133, 136.)
The only "facts” given in this information to support the *688 essential elements of the crime are the defendant’s alleged statements to an arresting police officer. These statements are hearsay, albeit at trial they would be admissible as an exception to the hearsay rule. (Richardson, Evidence § 540 [Prince 10th ed].) Under a strict interpretation of CPL 100.40 (1) (c), they would not satisfy the requirement that each element of the crime be supported by "non-hearsay” facts. (People v Polito, 128 Misc 2d 71 [Rochester City Ct 1985].)
However, the "non-hearsay” required in CPL 100.40 has generally been construed to mean any evidence that would be admissible at trial. (Matter of Rodney J., 108 AD2d 307, 311 [1st Dept 1985]; see, People v Fields, 74 Misc 2d 109 [Dist Ct, Nassau County 1973] [police department record of stolen car sufficient to support allegation of lack of consent of owner where record admissible under business record exception to hearsay rule]; People v Conoscenti, 83 Misc 2d 842 [Dist Ct, Suffolk County 1975]; People v Caraballo, 135 Misc 2d 536 [Crim Ct, Kings County 1987] [defendant’s admission of lack of authority and permission sufficient to support petit larceny and unauthorized use of a motor vehicle where supporting affidavit from owner was not filed]; People v Polito, supra [defendant’s admission sufficient to support operation of car for driving while intoxicated charge]; but see, People v Flushing Hosp. & Med. Center, 122 Misc 2d 260 [Crim Ct, Queens County 1983] [information based on statements allegedly made by an agent of defendant facially insufficient].)
There are no appellate decisions precisely on point. However, the Appellate Division, First Department, in deciding a similar issue based on the Family Court Act cited Fields and Conoscenti (supra) with approval, noting in the language of Fields that not allowing admissible hearsay to form the factual basis of a misdemeanor information presents " ’the absurd result’ that the rules of evidence as applied to an information are more stringent than those applicable to trials and hearings”. (Matter of Rodney J., supra, at 311.) The First Department held that a juvenile’s statement was sufficient to satisfy the non-hearsay requirement of the Family Court Act statute (Family Ct Act § 311.2) which parallels CPL 100.40 (1) (c). (Supra.)
Unlike those cases involving written documents which more readily lend themselves to a determination of admissibility on their face at the accusatory stage, the use of a defendant’s admissions as evidence against him poses complex issues of voluntariness, waiver, right to counsel and other constitu *689 tional rights. The court cannot rule on the admissibility of such hearsay on the face of the accusatory instrument but must often await the determination of motions and suppression hearings. (See generally, People v Huntley, 15 NY2d 72; Miranda v Arizona, 384 US 436.)
To allow a police officer’s statement of what a defendant is alleged to have said to serve as the only basis for an ongoing prosecution opens the door to potential abuse. Nevertheless, despite my own reservations concerning the practice of construing "non-hearsay” to mean "admissible hearsay”, the approval given it by the Appellate Division, First Department, mandates my finding that the defendant’s statements, if admissible at trial, are "non-hearsay” for the purposes of CPL 100.40 (1) (c) and 100.15 (3).
PERMISSION AND AUTHORITY
The statements attributed to the defendant in the first paragraph of the accusatory instrument (quoted above) fail to support the allegation that the defendant acted without the consent of the owner. Lack of ownership is not synonymous with lack of consent.
The second paragraph of the accusatory instrument (quoted above) appears to be merely an inartful attempt to track the statute by stating the deponent’s conclusion, particularly since the People’s papers in opposition to the motion to dismiss claim no notice of any statement by the defendant other than those quoted in the first paragraph. On the other hand, if this paragraph does refer to additional statements of the defendant, these statements may be sufficient to support the element of lack of consent (see, People v Caraballo, supra). However, in light of the following, it is unnecessary to resolve this ambiguity.
CORROBORATION THAT A CRIME WAS COMMITTED
Given that the accusatory instrument has been deemed an information and does not need corroboration from the owner of the car as to the elements of the crime leaves the question of whether it must present facts, other than a defendant’s statements, which corroborate that a crime has actually been committed.
There are no controlling decisions directly on this question, although corroboration of a defendant’s statement that a crime has been committed has been required for felony indict *690 ments (CPL 190.65) and Family Court delinquency petitions. (Matter of Rodney J., supra.)
In analyzing whether an individual can be prosecuted for a misdemeanor on admissions alone, it is essential to bear in mind that it is repugnant to our notions of criminal justice to convict people solely on their own statements that they have committed a crime. CPL 60.50 holds that no one may "be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” Clearly, absent any evidence other than that presented in this information, the defendant here could not be convicted at trial. (CPL 60.50; People v Ruckdeschel, 51 AD2d 861 [4th Dept 1976] [independent evidence of larcenous taking required to sustain robbery conviction].)
While CPL 60.50 speaks to the quantum of proof required for a conviction, a 1983 amendment to the CPL makes it clear that corroboration of the commission of a crime is also mandatory at the accusatory stage in felony prosecutions. (CPL 190.65.) This amendment resolved a conflict among the Appellate Divisions as to whether such corroboration was required for indictments as well as for convictions, a conflict which arose out of "an interpretative ambiguity” in the use of the word "convicted” in the corroboration statutes. (Bellacosa, 1983 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 190.65, 1988 Pocket Part, at 79.) CPL 190.65 (1) (a) now states that evidence presented to a Grand Jury "is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent”.
The rationale of CPL 60.50 is "the general distrust of extrajudicial confessions stemming from the possibilities that a confession may have been erroneously reported or construed * * * involuntarily made * * * mistaken as to law or fact, or falsely volunteered by an insane or mentally disturbed individual”. (People v Murray, 40 NY2d 327, 331-332.) These dangers are present at the accusatory stage whether the crime charged is a misdemeanor or a felony.
There has been no comparable amendment clarifying whether CPL 60.50 should apply to misdemeanor information as well as to convictions. Nor have the appellate courts addressed this precise issue. However, the Appellate Division, First Department, has required corroboration from the alleged *691 victim where the only evidence of delinquency in a Family Court petition was the juvenile’s statements. (Matter of Rodney J., supra, at 313.) Holding that petitions lacking corroboration are legally insufficient the First Department stated: "Despite the lack of an express statutory requirement that a Family Court petition or any supporting deposition set forth the corroboration necessary to sustain a conviction, we conclude that the requisite corroboration of an out-of-court confession must be alleged in a Family Court delinquency petition or the supporting depositions since these documents represent the only formal statement of charges against a respondent and should be based on competent legal evidence sufficient to establish, if believed, that the respondent committed the acts charged.” (Matter of Rodney J., supra, at 313.)
The issue then is whether this rule of corroboration, now required for felony indictments and Family Court delinquency petitions, should not also be applied to misdemeanor informations. To be legally sufficient, the misdemeanor information, indictment and petition must each present a prima facie case, i.e., competent evidence which, if true, establishes each and every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1]; 70.10 [1]; Family Ct Act § 311.2.) It is the sufficiency of the evidence that is determinative and should not rationally be the level of the crime or the court having jurisdiction over the case.
The law is well settled that the prima facie requirement for a misdemeanor information must be strictly adhered to. (People v Alejandro, supra, 70 NY2d, at 137-139.) Unlike the accusatory process for felonies where the prosecutor must present actual evidence of a prima facie case to the Grand Jury, the only time the prosecutor must demonstrate before trial that they have a prima facie case in a misdemeanor is in the information. To not require corroboration that a crime was committed for misdemeanor informations would be to establish two standards of "prima facie”, a more stringent standard for felonies and Family Court petitions and a looser one for misdemeanors.
Therefore, I find that corroboration that a crime has been committed is also required for a misdemeanor information where essential elements of the crime charged are supported solely by a defendant’s own admissions. Since the information here fails to allege any relevant facts outside of the defendant’s statements that corroborate the commission of a crime, it fails to set forth a prima facie case.
*692 CONCLUSION
The failure to comply with the prima facie requirements for sufficiency of a misdemeanor information set forth in CPL 100.40 and 100.15 is a jurisdictional defect. Therefore, the defendant’s motion to dismiss is granted. (CPL 170.35 [1] [a]; 170.30 [1] [a]; People v Alejandro, supra.)

 As a larceny-related crime, the charges imply and require the existence of someone whose interest in certain personal property is greater than that of the defendant and also that such person gave no permission for the defendant to possess the property; this is generally susceptible to corroboration by affidavit from such person. The lack of such corroboration in the instant case is puzzling. However, another Judge ruled at arraignment that this accusatory instrument was an information and that such corroboration was not required. Since this is now the law of the case, I am constrained to follow the prior ruling and treat the accusatory instrument as an information.