OPINION OF THE COURT
Harold Beeler, J.
Defendant herein, charged with driving while intoxicated in violation of subdivisions (2) and (3) of Vehicle and Traffic Law *1090 § 1192, moves as part of an omnibus motion for dismissal of the accusatory instrument on the ground that it is facially insufficient pursuant to CPL 170.30, 170.35 and 100.40.
The principal questions for resolution on this motion to dismiss are twofold: (1) whether the CPL 60.50 "confession corroboration rule” applies to the legal sufficiency standards for misdemeanor information set forth in CPL 100.40 (1) (c); and (2) assuming the application of CPL 60.50, whether the information at bar satisfies the corroboration requirement set forth therein.
The factual portion of the information at bar reads, in pertinent part, as follows: "On January 18, 1989, at about 2245 hours [10:45 p.m.] at W. 203rd Street and 10th Avenue, in the County * * * of New York * * * deponent [police officer] observed defendant standing near a 1982 Mercury. Deponent further states that she is informed by defendant that defendant was operating the above-mentioned car when a tow truck had collided with defendant’s car. Deponent observed that the defendant had an unsteady and abrupt manner, had watery and bloodshot eyes and was talking incessantly. Deponent is further informed by defendant that defendant drank 2 glasses of champagne before leaving his office. Deponent further states that [s]he is informed by P.O. Michael Shea * * * that informant administered a test to determine the defendant’s blood alcohol content and such test indicated * * * a blood alcohol content of .14 of one percentum”.
CPL 170.30 (1) (a) and 170.35 (1) (a) provide for the dismissal of a misdemeanor complaint or information when the instrument is not sufficient on its face pursuant to the requirements of CPL 100.40. To meet the sufficiency requirements of CPL 100.40, an information must contain, inter alia, a factual portion which, alone or in combination with any supporting depositions, provides nonhearsay factual allegations "establish[ing], if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c]; see also, People v Alejandro, 70 NY2d 133.)
In substance, defendant contends that the failure of the instrument to adequately allege the necessary element of his "operation” of the vehicle renders the instrument fatally defective. The People, in their responding papers, correctly concede that "operation” is an essential element of driving while intoxicated (see, People v Thornton, 130 AD2d 78, 80; People v Saplin, 122 AD2d 498, 499), but maintain that *1091 defendant’s having admitted operating the vehicle, as alleged in the information, is sufficient to satisfy the facial sufficiency requirements for this element of the offense charged. In this regard, the People construe defendant’s facial insufficiency attack as directed toward the hearsay nature of defendant’s alleged admission, and correctly point out that said admission nonetheless satisfies the requirements for "nonhearsay” allegations contained in CPL 100.40 (1) (c). (Matter of Rodney J., 108 AD2d 307, 311; People v Alvarez, 141 Misc 2d 686; see also, Richardson, Evidence §§ 209, 231, 540 [Prince 10th ed].)
Certain questions remain, however, though not directly addressed by either party, as to whether an information, to be facially sufficient, must comply with the mandate of CPL 60.50 requiring that there be proof, independent of any admissions by a defendant, that the crime charged was actually committed; and, if it is found that CPL 60.50 does apply in this context, whether the information at bar meets the corroboration standards set forth therein.
Under the "confession corroboration rule” (CPL 60.50), "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” Although by its terms CPL 60.50 precludes only "convictions” founded solely on a defendant’s uncorroborated admissions, the corroboration requirement contained therein has been extended to the accusatory (i.e., indictment) stage of felony prosecutions (see, CPL 190.65 [1]; People v Esposito, 121 AD2d 561; People v Danzy, 104 AD2d 949); to Family Court juvenile delinquency petitions (see, Matter of Rodney J., supra, at 313), and, in at least one recently reported decision, to misdemeanor informations as well (see, People v Alvarez, supra).
In Alvarez (supra), the court granted a defendant’s motion to dismiss an information for facial insufficiency where the accusatory instrument "fail[ed] to allege any relevant facts outside of the defendant’s statements that corroborate the commission of a crime”. (Supra, at 691.) This court agrees with the conclusion reached in Alvarez that the rationale underlying the "confession corroboration rule” as applied to convictions (CPL 60.50), indictments (CPL 190.65 [1]), and Family Court juvenile delinquency petitions (Matter of Rodney J., supra), should apply with equal force to misdemeanor informations.
*1092 As with an indictment in a felony prosecution, or a petition in a Family Court juvenile delinquency matter, an information is the "instrument of ultimate prosecution” in a misdemeanor case and, like an indictment or Family Court delinquency petition, must be premised on a showing of a legally sufficient, or "prima facie”, case against the defendant. (People v Alejandro, supra, at 138-139; Matter of Rodney J., supra, at 310; see also, Family Ct Act § 311.2.) As such, this court can conceive of no justification in law or logic for requiring the corroboration of a defendant’s otherwise unsupported confession for Grand Jury indictments and juvenile delinquency petitions, while dispensing with this requirement for misdemeanor informations (see, People v Alvarez, supra, at 691).
In reaching the conclusion that CPL 60.50 applies as well to misdemeanor informations, the court recognizes that CPL 190.65 (1) was specifically amended in 1983 to incorporate this corroboration requirement into the "legally sufficient evidence” standard required for a Grand Jury indictment, and that this 1983 amendment was intended to settle an ongoing conflict among the appellate courts as to whether such corroboration should be required at this earlier, accusatory, stage of felony prosecutions. (Bellacosa, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.65, 1989 Pocket Part, at 84.)
Notably, no corresponding change was made in the analogous CPL 100.40 (1) (c) requirement that an information contain legally sufficient, or "prima facie,” evidence of a defendant’s commission of the crime charged (see, CPL 100.40 [1] [c]; 70.10 [1]; see also, People v Alejandro, supra, at 139). In view, however, of the subsequent determination by the Court of Appeals that the "legally sufficient evidence” standard for informations is of jurisdictional import (People v Alejandro, supra), and in light of the First Department’s recent ruling in Rodney J. (supra), this court is satisfied that the failure of the Legislature to expressly incorporate the "confession corroboration rule” into the CPL 100.40 (1) (c) sufficiency requirements for informations was more an oversight than a deliberate attempt to create two separate standards of "legally sufficient” proof, one for felonies and another for misdemeanors. (See, People v Alvarez, supra, at 691; see also, CPL 70.10 [1].)
Having determined that the "confession corroboration rule,” as embodied by CPL 60.50, is to be applied in assessing the sufficiency of a misdemeanor information, the court must now decide whether the information herein contains sufficient *1093 proof, in addition to defendant’s own admission, "that the offense charged has been committed.” (CPL 60.50.)
Put simply, CPL 60.50 requires proof, in addition to a defendant’s admission, of the "corpus delecti” of the crime charged so as to "obviate the 'danger that a crime may be confessed when no such crime in any degree has been committed by any one’ ”. (People v Murray, 40 NY2d 327, 332, quoting People v Lytton, 257 NY 310, 314; see also, People v Reade, 13 NY2d 42, 45.) Among the statutes requiring corroboration of a defendant’s or witness’ admissions or testimony, CPL 60.50 "appears to be the tiniest corroboration requirement known, and it takes very little to satisfy it.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 60.50, at 678; People v Groff, 71 NY2d 101, 107-109.)
In this regard, "[e]vidence in addition to the confession is * * * sufficient 'even though it fails to exclude every reasonable hypothesis save that of guilt’ ”. (People v Lipsky, 57 NY2d 560, 571, rearg denied 58 NY2d 824, quoting People v Cuozzo, 292 NY 85, 92.) Nor need the additional proof corroborate every material element of the crime, or "even connect or tend to connect the defendant with the crime [charged].” (People v Daniels, 37 NY2d 624, 629.) In sum, CPL 60.50 merely requires " 'some proof, of whatever weight’, that the offense charged has in fact been committed by someone”. (People v Booden, 69 NY2d 185, 187, quoting People v Daniels, supra, at 629; see also, People v Cuozzo, supra.)
Notwithstanding the "tiny” corroboration required to satisfy CPL 60.50, such corroboration is clearly lacking in the information at bar.
Although there appear to be sufficient factual allegations in this instrument, independent of defendant’s admissions, to support a finding that he had been consuming alcohol and may have been intoxicated, there is no proof whatsoever, aside from defendant’s own statements, that he, or anyone else, had been operating a motor vehicle. As such, there is no "independent evidence of the corpus delecti” (People v Booden, supra, at 187) of the crime charged, to wit, that defendant, or someone, was " 'driving while drunk’ ”. (Supra, at 188, dissenting opn Bellacosa, J.)
The information alleges in this regard only that defendant was observed at about 10:45 p.m. "standing near” a certain automobile at West 203rd Street and 10th Avenue. There is no allegation that defendant was ever observed inside the *1094 vehicle; nor is there anything, aside from defendant’s own statements, to suggest the car had recently been driven by him or anyone else. Indeed, there is no independent evidence that in any way connects defendant with this vehicle such that one might infer he had at any point in time operated the vehicle.
In contrast, in People v Booden (supra), a prosecution for driving while impaired (Vehicle and Traffic Law § 1192 [1]), the court found sufficient corroboration under CPL 60.50 to support the inference that the crime charged had actually occurred. (Supra, at 188.) Much like the defendant in this case, defendant Booden and two companions were first observed by the police "standing next to” an automobile, and, like the defendant herein, Booden "exhibited outward signs of intoxication”. (Supra, at 188.) The vehicle that defendant Booden was standing next to, however, was owned by the defendant’s father, and was at the time (i.e., 3:00 a.m.) found in a ditch off the highway "facing in the wrong direction of travel”. (Supra, at 187.) The highway pavement near the ditch, moreover, was dry, "negativing suggestions of an accidental skid”. (Supra, at 187; emphasis added.) Further, "when defendant [Booden] and his companions were asked [by the police] who had been driving the vehicle, defendant volunteered to answer the question and produced his identification, indicating by his conduct that he was the driver. ” (Supra, at 188; emphasis added.)
As conceded by the court in Booden (supra, at 188), the circumstances presented therein "may have been capable of innocent explanation, but they nonetheless supported an inference that a crime had been committed because the vehicle had been driven by a person under the influence of alcohol.” No such criminal inference can reasonably be drawn from the allegations in the information at bar, since there is no indication, outside of defendant’s admission, that the car he was "standing near” had been driven by anyone, intoxicated or otherwise.
In People v Hennigan (135 AD2d 1082), the Fourth Department, relying on Booden (supra), unanimously affirmed a defendant’s felony conviction for driving while intoxicated, finding that the evidence adduced in addition to the defendant’s statements satisfied the corroboration requirements of CPL 60.50. This "additional” evidence included the fact that "[defendant [Hennigan] was observed walking unsteadily in the roadway approximately 200 feet away from his automo *1095 bile, which had been involved in an accident. There was a single trail of footprints leading from the car to the place where defendant was observed walking, his hands were bloodied and he exhibited all the classic signs of intoxication.” (Supra, at 1083.)
As is readily apparent, the circumstantial facts in Hennigan (supra), as in Booden (supra), lead directly to the inference that the defendants therein were operating a motor vehicle just prior to their initial encounter with the police. In contrast, the bare allegation in the information at bar that defendant was "standing near a 1982 Mercury” in an apparently intoxicated condition falls far short of the "additional” proof established in both Booden and Hennigan, and fails, in this court’s view, to in any way "suggest the commission of [a] crime” (People v Jaehne, 103 NY 182, 199) in that there is no proof in his case, circumstantial or otherwise, that this defendant, or anyone, was operating a motor vehicle. Without at least some proof, independent of defendant’s admissions, that the crime of driving while intoxicated actually occurred, this accusatory instrument cannot be deemed sufficient.
Accordingly, for all the aforesaid reasons, defendant’s motion to dismiss for facial insufficiency is granted. By virtue of the court’s ruling, defendant’s other motions, submitted for decision herewith, are rendered moot and need not be addressed.