OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant is charged with petit larceny in that he *461 allegedly stole a sum of money from his employer by not depositing it in the bank and keeping it for himself. The defendant’s motion to dismiss the purported information for facial insufficiency pursuant to CPL 170.30, 170.35 and 100.40 is denied.
The complaint by a police detective alleges that based on the "defendant’s own statements” the defendant took a sum of United States currency from 3046 Nostrand Avenue on February 17, 1989. According to the notice filed by the People pursuant to CPL 710.30 (1) (a), the statement was: "I took the money and I spent it.” The complaint did not name an "owner” of the property nor did it state that the defendant did not have permission or authority to take this property, which are elements of petit larceny. Therefore, this court ruled that such allegations in nonhearsay form would be necessary to convert the complaint to an information to enable the People to answer ready for trial. (CPL 100.40 [1] [c]; 100.10 [1], [4].)
Subsequently, the People filed a supporting deposition from Ted Bougdanos, stating that he was the "custodian” of the currency in this case and that the defendant did not have permission or authority to take, use or possess it "other than for the purpose of making a deposit of that currency in Manufacturer’s Hanover Bank.” The People contend that this supporting deposition was sufficient to convert the complaint to an information.
A facially sufficient information, pursuant to CPL 100.40 (1) (b), (c), must provide "reasonable cause to believe that the defendant committed the offense charged” and establish by nonhearsay allegations "every element of the offense charged and the defendant’s commission thereof.” The defendant’s statement that he took the money and spent it and the nonhearsay supporting deposition which states that the defendant did not have permission to spend the money establish the elements of petit larceny (Penal Law §§ 155.25, 155.05 [1]) and provide reasonable cause to believe the defendant committed petit larceny. (CPL 70.10 [2].) An admission or confession is an exception to the evidentiary rule excluding hearsay and an information may be based on such a statement. Otherwise, the prosecution would be in the anomalous position of being able to convict a defendant based on a confession but not able to bring charges. (People v Polito, 128 Misc 2d 71 [Rochester City Ct 1985].) The information, therefore, survives the sufficiency challenge raised by the defendant’s motion.
*462 There is an additional argument worthy of some comment. As noted in People v Kaminiski (143 Misc 2d 1089 [Crim Ct, NY County 1989]), the requirements of GPL 60.50 apply to informations. GPL 60.50 states: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.”
In Kaminiski (supra), the defendant was charged with driving while intoxicated. The information stated that the defendant admitted he was driving an automobile involved in a collision, that the defendant was observed by a police officer standing near it in an apparently intoxicated condition, and that a test of the defendant’s blood showed .14% of alcohol. However, the court in Kaminiski held that GPL 60.50 applied and dismissed the information, because there was no evidence other than the defendant’s admission to show he had, in fact, been driving. (See also, People v Alvarez, 141 Misc 2d 686 [Grim Ct, NY County 1988] [information charging possession of a stolen automobile held insufficient where defendant admitted lack of permission and authority but otherwise contained no facts indicating who actually owned the car or that it was stolen].)
Kaminiski (supra) states that GPL 60.50 should apply to informations, because by a 1983 amendment to GPL 190.65 (1), GPL 60.50 was applied to Grand Jury indictments. Establishing corroboration prior to trial would assure that the People possess sufficient evidence to convict, and there is np logical reason to require corroboration of a defendant’s confession for indictments but not informations. Further, the court in Kaminiski noted that after the 1983 amendment to GPL 190.65 (1), the First Department had applied GPL 60.50 to juvenile delinquency petitions. (Matter of Rodney J., 108 AD2d 307 [1st Dept 1985].) Therefore, the Kaminiski court concluded that the failure in 1983 to amend GPL 100.40 to require corroboration for informations was an "oversight”.
Notwithstanding the compelling reasoning found in Kaminiski (supra), an argument can be made that GPL 60.50 does not apply to GPL 100.40. As noted by Judge Bellacosa in his 1983 Supplementary Practice Commentary to GPL 190.65 (McKinney’s Cons Laws of NY, Book 11 A, 1990 Pocket Part, at 89), the 1983 amendment requiring corroboration in the Grand Jury was unnecessary and did not change what was already *463 the law. The existing CPL 190.65 required "legally sufficient evidence” to indict, and the CPL 70.10 (1) definition of "legally sufficient evidence” states that "evidence is not legally sufficient when corroboration required by law is absent.” According to Judge Bellacosa, the 1983 amendment was intended merely to clarify existing law requiring corroboration to indict in view of some conflicting lower court decisions regarding indictments based solely on accomplice testimony.
In contrast, CPL 100.40 (1) does not use the term "legally sufficient evidence” as a criterion for a facially sufficient information. Instead, CPL 100.40 (1) (c) requires an information containing nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof. This is virtually the CPL 70.10 (1) definition of "legally sufficient evidence” except that there is no mention of a corroboration requirement. It is noteworthy that the 1968 draft version of what is now CPL 100.40 (1) (c) used the term "legally sufficient evidence,” which would have incorporated the corroboration requirement of CPL 70.10 (1). However, the Legislature ultimately enacted the present language, thereby omitting the need to corroborate the elements of the offense charged. (See, Proposed New York Criminal Procedure Law, 1968 Study Bill and Commission Report, Temporary Commn on Rev of Penal Law and Criminal Code, § 50.35 [1] [c].)
By not using the term "legally sufficient evidence” in CPL 100.40 (1) (c), as was done in CPL 190.65, the Legislature established different evidentiary standards for informations and indictments, requiring corroboration for indictments but not for informations. According to Judge Bellacosa, the 1983 amendment to CPL 190.65 was only meant to clarify existing law with respect to CPL 190.65. Therefore, the failure in 1983 to add a corroboration requirement to CPL 100.40 (1) (c) was not an oversight but, rather, entirely consistent with the limited purpose of the 1983 amendment. In fact, where the Legislature has amended a specified statute, the failure to similarly amend another statute indicates that the amendment was intended only to cover the specified statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.)
Establishing different standards for indictments and informations is a legislative prerogative and, absent a constitutional infirmity, this court does not have the power to rewrite *464 these requirements by deeming the distinction an "oversight”. If the defendant believes the People do not possess sufficient evidence to convict, the defendant may wish to make a motion to dismiss in furtherance of justice pursuant to CPL 170.40.
For the foregoing reasons, the motion to dismiss is denied.