■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAZARO HERNANDEZ-DIAZ, Also Known as CARLOS DIAZ, Respondent. [635 NYS2d 563] —Order unanimously affirmed for reasons stated in decision at Onondaga County Court, Brandt, J. (Appeal from Order of Onondaga County Court, Brandt, J.— Suppress Evidence.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN E. LAGRECA, Appellant. [634 NYS2d 286] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress defendant's statements to the arresting officer. That officer's questioning of defendant about his identity, the reason for the stop and whether he had been drinking was investigatory, not custodial, interrogation (see, People v Hennigan, 135 AD2d 1082, 1083; People v Brown, 104 AD2d 696, 697). Defendant's contention that the court erred in charging the jury on the elements of aggravated unlicensed operation of a motor vehicle in the second degree has not been preserved for review (see, CPL 470.05 [2]), and we decline to exercise our power to review that contention in the interest of justice (see, CPL 470.15 [6] [a]). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Driving With Ability Impaired.) Present—Green, J. P., Pine, Fallon, Callahan and Doerr, JJ.

169 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVAN WALKER, Appellant. [635 NYS2d 562] —Judgment unanimously affirmed. Memorandum: The record supports County Court's determination that defendant violated the conditions of his probation. The court did not abuse its discretion in denying defendant youthful offender status (see, People v Locke, 119 AD2d 834). The sentence is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.— Violation of Probation.) Present—Green, J. P., Pine, Fallon, Callahan and Doerr, JJ.