OPINION OF THE COURT
Joseph E. Gubbay, J.
Defendant is charged with one count of Penal Law § 170.20, *276 criminal possession of a forged instrument in the third degree, and Administrative Code of the City of New York § 14-108 (6), unlawful use or possession of official police cards. Defendant moves to dismiss both charges for facial insufficiency. The motion is denied.
The information reads, in pertinent part, that:
“[A]t the above time and place [on or about October 19, 2001, at approximately 1:00 P.M., in front of 1294 Fulton Street, County of Kings], deponent observed a 2002 transport van, New York State license plate No. 4 CH8844 with a New York City Police Department restricted parking plate inside the windshield, and that said plate was forged in that it lacked the large police department shield found in the center of authentic versions of such plates, and in that said plate contained no pre-printed serial number, no registration number and no vehicle identification number.
“Deponent further states that deponent is custodian of an authentic New York City Police Department restricted parking plate and that deponent was able to discern the differences between the above-described plate and an authentic plate.
“Deponent further states that deponent has had professional training as a police officer in the identification of forged documents, has previously made arrests for the criminal possession of forged documents, has previously seized forged documents, and, in the deponent’s opinion, the document in this case is forged.
“Deponent is further informed by defendant’s own statements that defendant drove the above-mentioned vehicle and parked said vehicle at the above location and placed said plate inside the window of above stated vehicle.
“Deponent further states that defendant did not have permission or authority to use, possess or have in his custody the above-described plate.”
An information is facially sufficient if (a) the factual part of the information provides reasonable cause to believe that the defendant committed the offenses charged in the accusatory part of the information, and (b) nonhearsay allegations of the factual part establish, if true, every element of the offenses *277 charged and the defendant’s commission thereof. (CPL 100.40; People v Alejandro, 70 NY2d 133 [1987].)
Penal Law § 170.20
Penal Law § 170.20 states: “A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.”
Before a charge for criminal possession of a forged instrument may stand, the factual allegations must demonstrate that: (1) the defendant possessed a forged instrument, (2) the document possessed and presented was in fact forged, (3) the defendant knew that the instrument was forged, and (4) the defendant intended to defraud, deceive or injure another. (People v Singh, NYLJ, May 11, 1999, at 28, col 1 [Crim Ct, NY County].) It is well settled that the mere “negotiation or utterance of a forged instrument cannot, of itself, establish a presumption that defendant had knowledge of the forged nature of the instrument.” (People v Johnson, 65 NY2d 556, 561 [1985].) However, this knowledge may be demonstrated circumstantially by conduct and events. (Id. at 561; People v DiMauro, 113 AD2d 840 [2d Dept 1985].)
The defendant argues that the accusatory instrument is insufficient because it does not allege any facts indicating that the defendant in fact “knew” that the permit was forged. This court disagrees. Counsel relies on the holding in People v Singh (supra) wherein the defendant was charged with Penal Law § 170.20. In Singh, the factual allegations of the accusatory instrument indicated that the defendant was found with a state identification card which: (1) did not contain the New York State seal, (2) contained an incorrect birth date for defendant, and finally, (3) contained a fingerprint on the verso of the card, while no such fingerprints exist on an authentic identification card. The court found that these allegations were insufficient to establish the essential element of knowledge.
This court chooses not to follow the reasoning in Singh (supra), and notes, with absolute respect for the New York County Court which decided Singh, had the same facts been presented before this court, it would have reached a different conclusion. In the present case, the allegations indicate that the defendant drove and parked the van in which the parking plaque was found and placed the plaque in the window of said van. The plaque itself lacked any official indicia of authenticity *278 including the large police department shield found in the center of authentic versions of such plaques, the preprinted serial number, the registration number and vehicle identification numbers. These factors, considered together, demonstrate, at the very least, circumstantially, that the defendant knew the plaque was forged, for facial sufficiency purposes. The fact-finder will have the opportunity at trial to determine whether or not the defendant had actual knowledge that said document was not authentic and indeed forged.
“Any person who without permission of the commissioner:
“1. makes or engraves, or causes or procures to be made or engraved, or willingly aids or assists in making or engraving, a plate or other means of reproducing or printing the resemblance or similitude of an official department identification card, working press card, emergency repair service card, press photographer’s vehicle card, newsreel camera vehicle card, emergency service card or any other official card issued by the department; or * * *
“6. has in his or her custody or possession any of the cards hereinbefore mentioned, or any copy or reproduction thereof;
“Is guilty of an offense punishable by a fine of not less than two hundred fifty dollars, or imprisonment for not more than thirty days, or both.”
For the same aforementioned reasons sustaining the charge of Penal Law § 170.20, the factual allegations in the accusatory instrument are sufficient to support the charge of Administrative Code § 14-108 (6) for facial sufficiency purposes.
Strict Liability
Defense counsel argues, and this court agrees, that Administrative Code § 14-108 is not a strict liability offense. Penal Law § 15.15 (2) states:
“Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining the crime, un *279 less clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. This subdivision applies to offenses defined both in and outside this chapter.”
It is clear that the State Legislature intended all crimes to be construed as containing a mental culpability element to the offense unless the statute contains a clear legislative intent to impose strict liability. Moreover, courts have long disfavored criminal offenses that do not require a mens rea. It is well settled that “[i]n the absence of a clear legislative intent to impose strict criminal liability such construction should not be adopted.” (People v Coe, 71 NY2d 852, 855 [1988].) While Administrative Code § 14-108 does not explicitly include the requirement of scienter, an examination of the kinds of cases where the strict liability standard has been upheld persuades this court that a fair reading of the statute includes an element of knowledge.
Typically, strict liability is applied for acts considered malum prohibitum, acts which are prohibited because of their apparent evil, or stated otherwise, acts which by their nature are so disturbing to the public’s sensibility that their mere commission, regardless of the underlying intent, if any, makes the actor criminally responsible. Cases of this nature frequently involve broader regulatory schemes and include the sale of alcohol to minors (see, People v Gar Bob Corp., 49 Misc 2d 88 [Nassau Dist Ct 1966]); the sale of adulterated meat (see, People v Omage, 18 NY2d 770 [1966]); and the failure to register pursuant to the Sex Offender Registration Act (see, People v Patterson, 185 Misc 2d 519 [Crim Ct, NY County 2000]). These acts pose such a substantial risk to the public safety that strict liability is imposed upon their commission. The possession of a forged parking permit falls within a different realm and is simply not comparable. Therefore, this court construes Administrative Code § 14-108 as implicitly requiring an element of knowledge, specifically that the defendant knew that his alleged possession of the forged instrument was not sanctioned by the New York City Police Commissioner. As discussed above, this element is adequately pleaded for facial sufficiency purposes and the People, at trial, will be required to prove it beyond a reasonable doubt.
Use of Defendant’s Admission in Pleadings
Lastly, this court finds that defendant’s admissions in the factual portion of the complaint, coupled with the other alleged *280 facts, are sufficient to support the charges and to find the instrument facially sufficient. In People v Kaminiski (143 Misc 2d 1089 [Crim Ct, NY County 1989]), the court held that a misdemeanor information which relies on a defendant’s admission to satisfy an element of the crime charged is sufficient so long as the admission is adequately corroborated. Corroboration may be in the form of “some proof, of whatever weight, that the offense charged has in fact been committed by someone” (see, People v Booden, 69 NY2d 185, 187 [1987] [internal quotation marks omitted]). While the court in Kaminiski did not find adequate corroboration within the four corners of the accusatory instrument, in the instant case, the information does contain sufficient nonhearsay allegations to corroborate defendant’s admissions, specifically the deponent’s personal observations of the parked van at the alleged place of occurrence and the parking permit inside the windshield. Thus, for all of the aforementioned reasons, the defendant’s motion is denied.