OPINION OF THE COURT
Eileen Nadelson, J.
The defendant, Keyia Walker, is charged with operating a motor vehicle while under the influence of alcohol or drugs (driving while ability impaired) (Vehicle and Traffic Law § 1192 [1]), operating a motor vehicle while under the influence of alcohol or drugs (driving while intoxicated) (Vehicle and Traffic Law § 1192 [3]), and driving without a license (Vehicle and Traffic Law § 509 [1]). She has moved for an order dismissing the accusatory instrument on the grounds that the information is facially insufficient and that her speedy trial rights pursuant to Criminal Procedure Law §§ 30.30 and 30.20 have been violated. The People oppose these motions.
This court makes the following findings of fact and conclusions of law:
Findings of Fact
On May 7, 2007, the People served and filed a misdemeanor complaint charging the above-mentioned offenses. In pertinent part, the factual portion of the complaint of Police Officer Nadia M. Mathurin alleged the following:
“The deponent is informed by the defendant’s own statement that, at the above time and place [on about May 6, 2007 at approximately 6:00 a.m. in front of 290 Blake Avenue, County of Kings, State of New York], the defendant was driving a 1992 Isuzu Rodeo with Massachusetts State License Plate Number [XXXXXX],
“Deponent further states that at the approximate above time and place, deponent observed the defendant exhibiting signs of intoxication: to wit, slurred speech, red watery eyes, odor of alcoholic beverage on breath, and an unsteady gait.
“Deponent is further informed by the defendant’s own statement that, at the above time, the defendant did not have a license to operate a motor vehicle.”
Minutes of the proceeding show that the People did not answer ready for trial. The defendant was arraigned. The case *750 was adjourned until June 14, 2007 for discovery by stipulation (DBS). On June 14, 2007, the People served and filed the above-mentioned DBS materials and answered ready for trial. The court adjourned the case for trial until September 20, 2007. On September 20, 2007, the People were not ready for trial and requested a 14-day adjournment because the arresting officer was not available. The court adjourned the case until October 30, 2007. On October 30, 2007, the People were not ready for trial and requested a seven-day adjournment. The court adjourned the case until December 12, 2007 for trial. On December 12, 2007, the People were not ready for trial and requested a 14-day adjournment. The court adjourned the case until January 28, 2008 for trial.
On January 28, 2008, the People were not ready for trial and requested a 14-day adjournment. The court adjourned the case until February 20, 2008 for trial.
On February 20, 2008, the People were not ready for trial and requested a 14-day adjournment. The court adjourned the case until March 18, 2008 for trial.
On March 18, 2008, the People were not ready for trial and requested a three-day adjournment. The court required the People to file a statement of readiness and adjourned the case until March 26, 2008 for trial. The People filed a statement of readiness on March 21, 2008 off calendar.
On March 26, 2008, the People were not ready for trial and requested a five-day adjournment. The court adjourned the case until May 12, 2008 for trial.
On May 12, 2008, the People were ready for trial. No trial parts were available. The court adjourned the case until June 11, 2008.
On June 11, 2008, the People were not ready for trial. The court adjourned the case until July 1, 2008 for trial. The People filed a statement of readiness on June 19, 2008 off calendar.
On July 1, 2008, the People were not ready and requested a one-day adjournment. The defendant requested a schedule for CPL 30.30 motion practice. The court adjourned the case until July 31, 2008 for serving and filing of these motions and the People’s response. The defendant served the present motions on July 17, 2008.
On July 31, 2008, the People had not served and filed a response to the instant motions. The court adjourned the case until September 11, 2008 for response and decision. On August *751 4, 2008, the People served and filed a response to the instant motions.
Conclusions of Law
Facial Insufficiency Claim
To be facially sufficient, an accusatory instrument must allege nonhearsay facts that would give the court reasonable cause to believe that a defendant committed the offense(s) charged and establish, if true, every element of any such offense. (See CPL 100.40; People v Alejandro, 70 NY2d 133, 137 [1987].)
The defendant contends that the factual allegations fail to satisfy the pleading requirements of CPL 100.40 (1) (a) and 100.15 (3) because her alleged admission that she was driving the automobile has not been corroborated. CPL 100.40 (1) (a) states that an accusatory instrument is facially sufficient if it “substantially conforms to the requirements prescribed in section 100.15.” CPL 100.15 (3) prescribes that the instrument state “facts of an evidentiary character supporting or tending to support” the charges.
A cardinal rule of evidence in our law is that “[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” (CPL 60.50.) As the Court of Appeals explained in People v Chico (90 NY2d 585, 589-590 [1997]):
“This statutory corroboration requirement does not mandate submission of independent evidence of every component of the crime charged (see, People v Booden, 69 NY2d 185, 187; People v Murray, 40 NY2d 327, 334, cert denied 430 US 948), but instead calls for ‘some proof, of whatever weight, that a crime was committed by someone’ (People v Daniels, 37 NY2d 624, 629; see also, People v Booden, supra, at 187; People v Lipsky, 57 NY2d 560, 571, rearg denied 58 NY2d 824; People v Cuozzo, 292 NY 85, 92). The purpose of the statute is to avert ‘ “the danger that a crime may have been confessed when no crime in any degree has been committed by anyone” ’ (People v Cuozzo, supra, at 92 [emphasis supplied]; see also, People v Booden, supra, at 187; People v Lytton, 257 NY 310, 314).”
CPL 60.50, of course, refers only to “convictions.” However, the requirement that a defendant’s confessions or admissions *752 be corroborated has been extended to the accusatory stage of felonies (CPL 190.65 [1]; People v Batashure, 75 NY2d 306, 308 [1990]), Family Court juvenile delinquency petitions (Matter of Rodney J., 108 AD2d 307, 311 [1st Dept 1985]) and misdemeanors (People v Dolan, 1 Misc 3d 32, 34 [App Term, 1st Dept 2003]; People v Olwes, 191 Misc 2d 275, 280 [Crim Ct, Kings County 2002]; People v Haddock, 2001 NY Slip Op 40138[U] [Nassau Dist Ct 2001]; People v Mauro, 147 Misc 2d 381, 388 [Crim Ct, NY County 1990]; People v Kaminiski, 143 Misc 2d 1089, 1092 [Crim Ct, NY County 1989]; People v Alvarez, 141 Misc 2d 686, 691 [Crim Ct, NY County 1988]; contra People v Espanda, 11 Misc 3d 1067[A], 2006 NY Slip Op 50408[U] [Crim Ct, Queens County 2006]; People v Heller, 180 Misc 2d 160, 165-166 [Crim Ct, NY County 1998]; People v McKinney, 145 Misc 2d 460, 463 [Crim Ct, Kings County 1989]).
Like an indictment or delinquency petition, an information is usually the “instrument of ultimate prosecution” in a misdemeanor case. (See People v Kaminiski, 143 Misc 2d at 1092.) Unlike a felony complaint or indictment an information must set forth factual allegations amounting to a prima facie case. (See People v Alejandro, 70 NY2d at 138.) The reason for this strict showing is that the filing of an information is not followed by a preliminary hearing and a grand jury proceeding where the People must establish facts establishing a prima facie case. (Id.)
To be sure, there is no statutory provision compelling corroboration of confessions or admissions at the accusatory stage of misdemeanors comparable to CPL 190.65 (1) for presentations before a grand jury. However, this court agrees with the conclusion in People v Kaminiski (143 Misc 2d at 1092), that this omission was likely an oversight on the Legislature’s part. This is especially likely when one considers that Alejandro was decided after the Legislature amended CPL 190.65 to include the corroboration requirement. For all of these reasons this court can conceive of no justification in law or logic for requiring the corroboration of a defendant’s otherwise unsupported confession for grand jury indictments and juvenile delinquency petitions, while dispensing with this requirement for misdemeanor informations. (People v Kaminiski, 143 Misc 2d at 1092.)
In this matter, the factual allegation that the defendant operated a vehicle, an element of all three counts (see Vehicle and Traffic Law § 1192 [1], [3]; § 509), is derived entirely from the defendant’s alleged admission to Police Officer Mathurin. The accusatory instrument does not allege that the officer or any *753 other person observed the defendant operating any such vehicle, occupying it (see People v Dolan, 1 Misc 3d at 33; People v Haddock, 2001 NY Slip Op 40138[U] [2001]) or even standing near it (see People v Kaminiski, 143 Misc 2d at 1090). Indeed, the accusatory instrument does not independently allege that the vehicle existed on the date of the alleged offenses. But for the defendant’s alleged admission that she had been driving said automobile, there is no corpus delicti of any of the offenses charged in the accusatory instrument. Without a factual basis for the allegation of operation of a vehicle, the accusatory instrument is jurisdictionally defective.
Accordingly, the court hereby grants the defendant’s motion for an order dismissing the accusatory instrument as facially insufficient.
CPL 30.30 Claim
Notwithstanding the court’s holding that the accusatory instrument is facially insufficient for jurisdictional defectiveness as to all counts, the court also denies the defendant’s motion to dismiss all counts pursuant to CPL 30.30.
Under New York’s readiness rule, when a defendant is charged with at least one nonfelony offense punishable by more than three months of incarceration, the case must be dismissed when the People have not answered ready for trial within 90 days of the commencement of the action. (CPL 30.30 [1] [b].) Operating a motor vehicle while under the influence of alcohol or drugs (driving while intoxicated) is a misdemeanor without classification. (Vehicle and Traffic Law § 1192 [3].) It is punishable by up to one year’s imprisonment. (Id.)
Accordingly, the CPL 30.30 time limit in this matter is 90 days from commencement of the action as to all non-traffic-infraction offenses charged. Traffic offenses are not subject to CPL 30.30 speedy trial limits. (See People v Didio, 14 Misc 3d 128[A], 2006 NY Slip Op 52496[U] [App Term, 9th & 10th Jud Dists 2006]; People v Gordon, 2 Misc 3d 134[A], 2004 NY Slip Op 50190[U] [App Term, 9th & 10th Jud Dists 2004], lv denied 3 NY3d 674 [2004], lv denied on reconsideration 3 NY3d 706 [2004]; People v Kreinen, 2002 NY Slip Op 40359[U] [App Term, 9th & 10th Jud Dists 2002]; People v Taylor, 189 Misc 2d 313 [App Term, 2d Dept 2001]; People v Gonzalez, 168 Misc 2d 136 [App Term, 1st Dept 1996], lv denied 88 NY2d 936 [1996].) Except for operating a motor vehicle while under the influence of alcohol or drugs (driving while intoxicated), all the counts charged are traffic infractions.
*754 This action was commenced on May 7, 2007, when the People filed a complaint in criminal court.
The defendant bears the burden of going forward, by sworn allegations of fact, to show that there has been an inexcusable delay beyond the time allowed by the statute. Once the defendant meets his burden, the People have the ultimate burden of justifying that delay. (People v Santos, 68 NY2d 859 [1986].)
A review of the defense motion papers, the People’s response, the court file and minutes of two proceedings discloses that the periods of delay are attributable as follows: Although there is no evidence in the record that the People answered ready for trial and they do not contend that they did, the adjournment from May 7, 2007 through June 14, 2007 is not chargeable to the People because the adjournment was ordered to enable them to comply with their agreement with the defense to provide DBS. Thus, this was an adjournment on consent. (See CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985].)
The adjournment from June 14, 2007 through September 20, 2007 is not chargeable to the People because they answered ready for trial. (See People v Kendzia, 64 NY2d 331 [1985].)
Of the post-readiness adjournment from September 20, 2007 through October 30, 2007, 14 days are chargeable to the People because that is the amount of time they requested when they were not ready for trial. (See People v Bruno, 300 AD2d 93, 95 [1st Dept 2002], lv denied 100 NY2d 641 [2003].)
Of the post-readiness adjournment from October 30, 2007 through December 12, 2007, seven days are chargeable to the People because that is the amount of time they requested when they were not ready for trial. (Id.)
Of the post-readiness adjournment from December 12, 2007 through January 28, 2008, 14 days are chargeable to the People because that is the amount of time they requested when they were not ready for trial. (Id.)
Of the post-readiness adjournment from January 28, 2008 through February 20, 2008, 14 days are chargeable to the People because that is the amount of time they requested when they were not ready for trial. (Id.)
Of the post-readiness adjournment from February 20, 2008 through March 18, 2008, 14 days are chargeable to the People because that is the amount of time they requested when they were not ready for trial. (Id.)
Of the post-readiness adjournment from March 18, 2008 through March 26, 2008, only three days are chargeable to the *755 People. They were not ready for trial, however, their subsequent serving and filing off calendar of a statement of readiness for trial pursuant to People v Kendzia (64 NY2d 331 [1985]) on March 21, 2008 stopped the running of the speedy trial clock during the adjournment as of that date. (People v Anderson, 66 NY2d 529 [1985].)
Of the post-readiness adjournment from March 26, 2008 through May 12, 2008, only five days are chargeable to the People. They were not ready for trial. This was the length of the adjournment that they requested. (Id.)
The adjournment from May 12, 2008 through June 11, 2008 is not chargeable to the People because they were ready for trial.
Of the post-readiness adjournment from June 11, 2008 through July 1, 2008, only eight days are chargeable to the People. They were not ready for trial. However, their serving and filing off calendar of a statement of readiness for trial on June 19, 2008 stopped the running of the speedy trial clock during the adjournment as of that date. (People v Anderson, 66 NY2d 529 [1985].)
The entire adjournment period from July 1, 2008, when the defendant requested a motion schedule, to date is not chargeable to the People. (See CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985].)
The People must be charged for a total of 79 days of “speedy trial” time, which does not exceed the statutory time limit of 90 days for the count of operating a motor vehicle while under the influence of alcohol or drugs (driving while intoxicated) (Vehicle and Traffic Law § 1192 [3]). Accordingly, the defendant’s motion for an order dismissing that count pursuant to CPL 30.30 is hereby denied pursuant to CPL 30.30. Because CPL 30.30 has no application to traffic infractions, the defendant’s motion to dismiss the counts of operating a motor vehicle while under the influence of alcohol or drugs (driving while ability impaired) (Vehicle and Traffic Law § 1192 [1]) and driving without a license (Vehicle and Traffic Law § 509 [1]) pursuant to CPL 30.30 is hereby denied.
CPL 30.20 Claim
The defendant contends that she is entitled also to dismissal of all counts of the accusatory instrument on the ground that her constitutional right to a speedy trial, as codified in CPL 30.20, has been violated. In applying CPL 30.20, the court must *756 look to the factors laid out in People v Taranovich, (37 NY2d 442 [1975]): (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether there has been an extended period of pretrial incarceration, and (5) whether there is any indication that the defense has been impaired by reason of the delay. “[N]o one factor or combination of the factors ... is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it.” (Id. at 445.) Further, “what amounts to an undue delay is ‘not fixed by the statute in days or months’, depending as it does ‘upon the circumstances of each particular case’ (People v. Hall, 51 App. Div. 57, 62; see Beavers v. Haubert, 198 U.S. 77, 87).” (People v Prosser, 309 NY 353, 357 [1955], construing Code Crim Pro §§ 8, 668, predecessor to CPL 30.20.)
None of the Taranovich factors are cogently applied to the circumstances surrounding the case at bar. Despite the fact that the case has been pending at court for more than a year, the delays initiated by the People or the defendant were not unreasonable. A good portion of the time lapses for adjournments are attributable to court congestion.
While the nature of the offenses charged in this case pursuant to the Vehicle and Traffic Law does not present a heavy burden to the People for speedy prosecution, the defendant demonstrates no prejudice to her constitutional rights for the delay in bringing it to trial. (See People v Ramsammy, 11 Misc 3d 1061[A], 2006 NY Slip Op 50336[U] [Crim Ct, Kings County 2006].) This is particularly so in view of the fact that the 90-day time limitation has still not expired.
As to the factor of incarceration, which was minimal and occurred before arraignment, the defendant concedes that it is not applicable in this matter.
Finally, the defense contends that the defendant’s ability to testify has been hampered by the fading of her memory caused by the multiple delays. The defendant, however, fails to explain to what extent such delays would impact her defense of the charges. Rather, the defendant cites generally the imposition on her life caused by the obligation to appear in court on so many occasions. The court does not equate such inconvenience with impairment of the defendant’s constitutional rights. (See People v Taylor, 189 Misc 2d 313 [App Term, 2d Dept 2001].)
Based on the foregoing, the court hereby denies the defendant’s motion for dismissal on CPL 30.20 speedy trial grounds.
*757 Summary of Decisions
To recap, the defendant’s motion for an order dismissing all counts for facial insufficiency is granted. The defendant’s motion for an order dismissing all counts pursuant to CPL 30.30 is denied. The defendant’s motion for an order dismissing all counts pursuant to CPL 30.20 is denied as to all counts.