OPINION OF THE COURT
Nicholas Colabella, J.
In a proceeding pursuant to CPLR article 70, petitioner *133 moves by order to show cause for an order declaring his continued detention unlawful and directing his release.
Petitioner, Edward Miller, was convicted in New York State for the crimes of forgery in the second degree (two counts), criminal possession of forged instruments (13 counts) and grand larceny in the third degree, and sentenced to concurrent terms of lVs to 4Ys years. The original expiration date of sentence is September 8, 1989.
While at Fulton Correctional Facility in the work release program, petitioner was arrested by Federal authorities on September 26, 1986. He was sentenced to a term of three years on September 24, 1987, for credit card fraud. Petitioner completed the Federal sentence on or about December 15, 1988, and was returned to New York authorities on a detainer warrant on December 16, 1988, to resume his New York sentence. Petitioner’s revised release date is November 28, 1991. His tentative conditional release date is June 18, 1990.
Petition is granted to the extent the court declares that petitioner’s State sentence continued to run during the period of Federal incarceration. Petitioner is entitled to be discharged no later than his original sentence expiration date of September 8, 1989.
CPL 430.10 provides that ”[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be * * * interrupted once the term or period of the sentence has commenced.” In this case, the interruption provision relied upon by respondent — Penal Law § 70.30 (7) — is inapplicable. Its effect is circumscribed by its introductory title — "Absconding from temporary release.”
An absconder in violation of a temporary release program is one who intentionally and voluntarily fails to return to the institution of his confinement (see, Correction Law § 856 [2]; Penal Law §§ 205.16, 205.17). Patently, petitioner did not abscond since his failure to return was due to the arrest by Federal authorities.
Respondent’s failure to take any action to regain custody of petitioner was equivalent to a surrender to Federal authorities. While the rules of comity permit a surrender for purposes of trial in Federal court, "no rule of comity * * * requires a surrender for the purpose of serving a foreign sentence” (People ex rel. Rainone v Murphy, 1 NY2d 367, 372; see also, Rodriguez v McMickens, 133 Misc 2d 154, 156-158). *134 Following his Federal trial, application should have been made to have petitioner returned to respondent’s custody in order to complete the balance of his State sentence (People ex rel. Rainone v Murphy, supra, at 373-374).
Otherwise the petition is denied for failure to demonstrate grounds requiring petitioner’s immediate discharge (People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398). Aside from the fact that petitioner’s sentence is unexpired, each of the cases cited in support are distinguishable in that they involve parole revocation. Unlike parole status, work release does not allow an inmate complete release from incarceration. It merely affords an inmate "the privilege of leaving the premises of an institution for a period not exceeding fourteen hours in any day” (Correction Law § 851 [3]; emphasis added).
Moreover, due process standards applicable to parole revocation proceedings do not apply in proceedings for revocation of a prisoner’s privilege to participate in a work release program (People ex rel. Cunningham v Metz, 61 AD2d 590, 592-593). Nothing contained in article 26 of the Correction Law may be construed to confer upon any inmate the right to participate, or to continue to participate, in a temporary release program (Correction Law § 855 [9]). An inmate’s privilege to participate in a temporary release program may be revoked at any time in accordance with the regulations promulgated by the Commissioner (see, 7 NYCRR 1904.1).