OPINION OF THE COURT
Robert J. McDonald, J.
Petitioner was sentenced in 1991 to two concurrent indeter *876 mínate terms of two to four years and one to three years upon his convictions for criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06) and criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). His maximum expiration date on those convictions is April 6, 1995.
Petitioner was released on May 12, 1993 as a participant in the State Temporary Release Program. On July 1, 1993 he was arrested on local charges. After petitioner pleaded guilty to the charge of petit larceny, he received a sentence of one year with a conditional release date of March 1, 1994. A Department of Correctional Services warrant had been lodged against him as a detainer. Petitioner, however, could not be produced in the State prison facility from which he had been released until the expiration of his misdemeanor sentence.
Petitioner is seeking jail time credit for the period from his arrest on July 1, 1993 to the conditional release date on his misdemeanor sentence of March 1, 1994.
CPL 430.10 provides that "[ejxcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with the law, such sentence may not be * * * interrupted once the term or period of the sentence has commenced.”
Defendant has been declared an absconder from a temporary release program. Penal Law § 70.30 (7) states that when a person who participates in a program of work release fails to return to the facility at or before the prescribed time for return, such failure shall interrupt the sentence, and such interruption shall continue until the return of the person to the institution in which the sentence is being served. Accordingly, an absconder from a temporary release program interrupts the sentence until defendant is returned to that institution. (See, McGinnis v United States ex rel. Pollack, 452 F2d 833 [2d Cir 1971].)
In addition, a defendant is not entitled to "Jail time” (Penal Law § 70.30 [3]) credit unless the subsequent incarceration falls within one of three enumerated exceptions provided for in Penal Law § 70.30 (7). It is clear that petitioner’s incarceration was not due to an arrest or surrender based upon his failure to return, or from an arrest on another charge which culminated in a dismissal or acquittal. (See, Penal Law § 70.30 [7] [a], [b].) The only section left for consideration is paragraph (c), which states "[t]hat such custody arose from an arrest on *877 another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction.”
Petitioner, having pleaded guilty to petit larceny, a class A misdemeanor, was sentenced to the maximum time of one year with a conditional release date of March 1, 1994. Obviously, the eight-month period which petitioner spent in custody for this offense did not exceed the one-year maximum term of imprisonment imposed for that conviction.
Accordingly, petitioner is not entitled to any jail time credit for his time spent in the New York City jail system from July 1, 1993 to March 1, 1994, and the motion is denied.