■ In the Matter of the Claim of FRANCISCO RODRIGUEZ, Respondent, v BURN-BRITE METALS COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 682] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 13, 2001, which ruled, inter alia, that claimant was entitled to coverage for causally related medical treatment.

Claimant sustained an injury to his left shoulder while working as a welder in January 1998 and thereafter received payments for wages and coverage for medical costs pursuant to the Workers' Compensation Law. The workers' compensation carrier subsequently learned that claimant was engaged in work inconsistent with his purported total disability. Claimant's payments were suspended on August 4, 1999 and he eventually admitted that he had been self-employed at a restaurant since January 1999. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had made false representations to receive compensation in violation of Workers' Compensation Law § 114-a and ruled that he was not entitled to any further indemnity benefits. The WCLJ, however, authorized causally related medical treatment, holding that section 114-a did not permit the termination of coverage for medical costs. Upon review, the Workers' Compensation Board modified the WCLJ's decision by authorizing the carrier to seek repayment of compensation for all wages paid to claimant after January 20, 1999, but the Board concurred with the WCLJ's interpretation of section 114-a regarding medical benefits. The employer and carrier (hereinafter collectively referred to as the carrier) appeal.

The carrier contends that the statutory language pertaining to false representations should be construed to give the Board discretionary power to terminate medical benefits. Statutory construction begins with attempting to "effectuate the intent of

the Legislature" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208) and the starting place for discerning legislative intent is the plain meaning of the statutory text (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583). Workers' Compensation Law § 114-a (1) provides, in relevant part: "If for the purpose of obtaining compensation pursuant to section fifteen of this chapter, or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." The statutory language opens by directly linking "compensation" to Workers' Compensation Law § 15. Section 15 pertains to wage replacement benefits. Medical benefits, which the carrier seeks to have included within the scope of section 114-a, are addressed in Workers' Compensation Law § 13. Section 13 is not incorporated or mentioned in section 114-a.

The carrier's argument that the reference near the end of the germane statutory sentence to "any compensation" reflects an intention to include medical benefits is unpersuasive. When the scope of a word is specifically limited in a statute, the later use of the same word in the same sentence of the statute cannot be construed to have a broader application under any theory of sound statutory analysis in the absence of additional explicit language expanding its meaning (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 236). Moreover, Workers' Compensation Law § 114, which replaced former section 114 as part of the same legislation in which section 114-a was enacted, provides for potential forfeiture upon a conviction of criminally fraudulent practices of "all rights to compensation *or payments of any benefit*" (emphasis added). Clearly, if the Legislature had intended section 114-a to similarly extend to all possible benefits, it could have employed like language in section 114-a. Instead, it placed specific limiting language in section 114-a.

The carrier further looks to Workers' Compensation Law § 114-b for support for its position. Such statute, which deals with readjustment of an employer's experience rating and was also part of the same legislation as section 114-a, includes the phrase: "If pursuant to section one hundred fourteen-a of this chapter, *benefits or payments* are suspended or otherwise prohibited * * *" (Workers' Compensation Law § 114-b [emphasis added]). The use of the words "benefits or payments" in section 114-b when referring to another section (i.e., section

114-a) that does not employ those terms is not a model of statutory clarity. Nevertheless, the general phrase "benefits or payments," with no concomitant statutory indication of an intention to expand the meaning of the term "compensation" as used in section 114-a, does not justify modifying the specific limiting language employed in section 114-a. The Court is thus constrained by the statutory language to conclude that the Board does not have discretion under Workers' Compensation Law § 114-a to terminate coverage for causally related medical treatment.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.