OPINION OF THE COURT
Dan Lamont, J.
Petitioner Donald Maccio, an inmate at Marcy Correctional Facility, brings this CPLR article 78 proceeding to compel the respondent to correct petitioner’s jail time credits, parole eligibility date, conditional release date, and maximum expira *806 tion date. Respondent has filed an answer asserting that the petition fails to state a cause of action.
Time Calculations
Petitioner contends that the respondent has not properly calculated his time computations by failing to credit his state sentence with a period of eight months and eight days which he spent incarcerated in the Nassau County Correctional Facility — from April 16, 2001 to December 18, 2001.
The following time periods are set forth by respondent:
(1) August 8, 1995 — petitioner sentenced to an indeterminate term of IV2 to 3 years for attempted burglary in the third degree;
(2) September 6, 1995 — petitioner received by Department of Correctional Services (DOCS) and credited with 118 days of local jail time;
(3) March 28, 1996 — petitioner paroled;
(4) December 19, 1996 — petitioner declared delinquent by the Division of Parole;
(5) May 14, 1997 — petitioner sentenced to a seven-year determinate sentence for burglary in the second degree and to a concurrent indeterminate term of 2 to 4 years for criminal possession of stolen property in the fourth degree. These terms ran consecutively to the 1995 sentence (see, Penal Law § 70.25 [2-a]);
(6) September 24, 1997 — petitioner received by DOCS and credited with 279 days of local jail time;
(7) April 16, 2001 — petitioner failed to return to DOCS while participating in the Temporary Release Program as a result of an arrest for DWI and AUO;
(8) September 21, 2001 — petitioner sentenced by the District Court, Nassau County, to a definite sentence of one year for DWI and 30 days for AUO in the third degree; and
(9) December 18, 2001 — petitioner returned to DOCS upon completion of the definite sentences in Nassau County.
Penal Law § 70.30 (7), in relevant part, states:
“Absconding from temporary release or furlough program. When a person who is serving a sentence of imprisonment is permitted to leave an institution to participate in a program of work release * * * fails to return to the institution or facility at or before the time prescribed for his return, such failure shall interrupt the sentence and such interruption shall *807 continue until the return of the person to the institution in which the sentence was being served * * * Any time spent by such person in an institution from the date of his failure to return to the date his sentence resumes shall be credited against the term or maximum term of the interrupted sentence, provided:
“(a) That such incarceration was due to an arrest or surrender based upon the failure to return; or
“(b) That such incarceration arose from an arrest on another charge which culminated in a dismissal or an acquittal; or
“(c) That such custody arose from an arrest on another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction.” (Emphasis supplied.)
Respondent has conceded that petitioner was found not guilty of absconding at his disciplinary hearing because he was arrested and involuntarily incarcerated in a local jail. Notwithstanding respondent’s determination following a hearing that petitioner was not guilty of absconding, this court holds and determines that Penal Law § 70.30 (7) is still applicable to petitioner. Petitioner’s conduct of being arrested on another criminal charge which culminated in a conviction falls squarely into the category of behavior defined by Penal Law § 70.30 (7) (c) — which expressly limits any jail time credits to the portion of time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction. Petitioner spent eight months incarcerated in the Nassau County Jail upon his convictions there. Accordingly, this court holds and determines that respondent has correctly refused to credit petitioner with any time served from April 16, 2001 to December 10, 2001.
However, the petitioner’s definite sentence of imprisonment expired on December 10, 2001 (respondent’s exhibit A), and the petitioner was thereafter held until December 18, 2001 when he was transported back to state prison (respondent’s exhibit A). This court as a matter of fundamental fairness holds and determines that “the period, term, or maximum term of imprisonment imposed for such conviction” (emphasis supplied) as used in Penal Law § 70.30 (7) (c) must be read to refer to the jail time actually served to satisfy the sentence of imprisonment imposed. If petitioner were not an absconder from Temporary Work Release, he would have been released from *808 confinement in the Nassau County Jail on December 10, 2001, upon completion of his one-year definite sentence of imprisonment; therefore, this court holds and determines that petitioner is entitled to eight days’ credit for jail time — the time spent in custody that exceeds the period or term of imprisonment imposed for such conviction. To hold otherwise would essentially deprive any absconder from temporary release of any credit at all for up to 120 days good time as against a one-year definite sentence of imprisonment (Correction Law § 804; Penal Law § 70.30 [4] [b]) — depending only upon when such absconder was actually transported back to state prison after serving his or her definite sentence of imprisonment.
Petitioner’s contention that the respondent has failed to comply with CPLR 2214 is without merit. CPLR 2214 requires service of responding papers, not receipt, at least seven days before the motion is noticed to be heard. The affidavit of service of Kim B. Peacock establishes that the respondent’s papers were served on February 7, 2003 — one week prior to the return date.
Conclusion
This court holds and determines that the petition should be and the same is hereby granted in part, and the respondent is hereby directed to credit petitioner with eight days of jail time served from the expiration of his definite sentence of imprisonment on December 10, 2001 until his return to state prison on December 18, 2001; however, in all other respects, this court holds and determines that the petition should be and the same is hereby denied.