■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DARIEN PUGHE, Respondent, v MICHAEL G. PARROTT, as Superintendent of Altona Correctional Facility, et al., Appellants. [758 NYS2d 404] —Rose, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 18, 2002 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In January 1993, petitioner began serving two concurrent terms of incarceration in state prison, the longer of which was 2½ to 7 years. In May 1994, while participating in a work release program, he was arrested and eventually convicted on

---

federal charges. He then served 89 months of his 162-month federal sentence. In October 2001, petitioner was returned to the custody of the Department of Correctional Services, which recomputed the release date on his original sentences to July 8, 2006. In response, petitioner commenced this habeas corpus proceeding challenging his continued detention on the ground that his term of state imprisonment should not have been interrupted by the time he served in federal prison. Deeming itself bound by the holding in *People ex rel. Hammer v Keane* (171 AD2d 895, *lv denied* 78 NY2d 863), Supreme Court granted the writ. Respondents appeal and, since the language of Penal Law § 70.30 (7) clearly provides that petitioner's state sentence was interrupted by the time he served in federal prison, we reverse.

"Statutory construction begins with attempting to 'effectuate the intent of the Legislature' (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208) and the starting place for discerning legislative intent is the plain meaning of the statutory text (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583)" (*Matter of Rodriguez v Burn-Brite Metals Co.*, 300 AD2d 904, 905). Penal Law § 70.30 (7), in relevant part, states: "Absconding from temporary release or furlough program. When a person who is serving a sentence of imprisonment is permitted to leave an institution to participate in a program of work release * * * fails to return to the institution or facility at or before the time prescribed for his return, such failure shall interrupt the sentence and such interruption shall continue until the return of the person to the institution * * *." Petitioner argues that the use of the word "absconding" in the subdivision's heading suggests that the failure to return must be intentional, because an "absconder" is defined elsewhere as "[a]ny inmate who is found to have intentionally failed to return" (Correction Law § 856 [2]). However, the text of the statute here unequivocally provides for the interruption of a sentence when the person "fails to return" without any element of intent (Penal Law § 70.30 [7]).

We also note this well-accepted rule of statutory construction: "While a heading may clarify or point the meaning of an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute itself" (McKinney's Cons Laws of NY, Book 1, Statutes § 123 [b]). (*See People v O'Neil*, 280 App Div 145, 146.) Because the courts in *People ex rel. Hammer v Keane (supra)* ignored this maxim, we decline to follow the holding in that case and instead conclude that the subdivision's heading does not limit its application to persons who intentionally fail to return to custody (*cf. People*

*ex rel. Hammer v Keane*, 143 Misc 2d 132, 133, *affd* 171 AD2d 895, *lv denied* 78 NY2d 863). In this instance, consideration of the heading would create an ambiguity where none exists in the text of the statute.

Moreover, if the Legislature had intended Penal Law § 70.30 (7) to encompass only those who intentionally fail to return, that intent could easily have been expressed by using the language employed in Penal Law §§ 205.16 and 205.17 (*see Matter of Rodriguez v Burn-Brite Metals Co.*, *supra* at slip op p 3). Those two sections, which were amended as part of the same legislation that enacted Penal Law § 70.30 (7) (*see* L 1972, ch 339), use the phrase "intentionally fails to return" in defining the crimes of absconding from temporary release in the first and second degrees. Instead, the Legislature omitted the word "intentionally" in Penal Law § 70.30 (7), and the subdivision's heading should not be read to supply it by implication.

Finally, the omission of the word "intentionally" conforms with the legislative purpose expressed in the statute's description of three circumstances—none of which is claimed to be applicable here—where time spent in interim incarceration will be credited against the interrupted sentence (*see* Penal Law § 70.30 [7] [a], [b], [c]).* The Legislature's intent not to credit time served in custody on a charge that is unrelated to a person's failure to return and culminates in a conviction, as is the case here, is revealed in Penal Law § 70.30 (7) (c), which limits the credit against the interrupted sentence to that "portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction."

Accordingly, we hold that Penal Law § 70.30 (7) unambiguously provides for sentence interruption whenever a person on temporary release fails to return regardless of whether the failure is intentional, thus precluding petitioner's claim here.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur.

---

* As to crediting prison time, Penal Law § 70.30 (7) states: "Any time spent by such person in an institution from the date of his failure to return to the date his sentence resumes shall be credited against the term or maximum term of the interrupted sentence, provided: (a) That such incarceration was due to an arrest or surrender based upon the failure to return; or (b) That such incarceration arose from an arrest on another charge which culminated in a dismissal or an acquittal; or (c) That such custody arose from an arrest on another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction."

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.