■ In the Matter of the Claim of VICTORIA VANOSTRAND, Respondent, v FELCHAR MANUFACTURING CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.) [761 NYS2d 535] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 9, 2001, which ruled that claimant is entitled to reimbursement of certain medical and mileage expenses.

Claimant was found to have defrauded separate employers and their respective workers' compensation carriers by overstating and double charging mileage for travel to medical appointments.[1] At issue is a decision of the Workers' Compensation Board ruling that Workers' Compensation Law § 114-a does not bar claimant from receiving future mileage expenses or medical coverage as that statute only precludes future wage replacement benefits to a claimant who violates it. This Court recently had the occasion to address this precise legal issue in *Matter of Rodriguez v Burn-Brite Metals Co.* (300 AD2d 904 [2002], *lv granted* 99 NY2d 509 [2003]). In interpreting Workers' Compensation Law § 114-a, we concluded that the penalty provisions thereunder are limited to wage replacement benefits only and do not apply, in particular, to medical benefits. As

---

1. Although not at issue on appeal, claimant was also found to have knowingly made false statements and representations about her physical condition for the purpose of obtaining workers' compensation benefits.

*Matter of Rodriguez v Burn-Brite Metals Co.* (*supra*) resolves the primary dispute now before us, we affirm.[2]

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

2. We find no error in the Board's tacit refusal to require claimant to *directly* repay the mileage overpayments to the subject carriers (*see* Workers' Compensation Law § 22; *see also General Acc. Ins. Co. v Yaglowski*, 188 AD2d 1032, 1033 [1992]).