■ In the Matter of DONALD MACCIO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [772 NYS2d 745]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered March 13, 2003 in Albany County, which, inter alia, denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent computing petitioner's prison sentence.

While serving a seven-year prison sentence at Mid-State Correctional Facility in Oneida County, petitioner, a participant in a temporary work release program, was arrested by the Nassau County Police Department on April 16, 2001 for driving while intoxicated (hereinafter DWI) and related charges. Following respondent's lodging of a detainer warrant, petitioner was sentenced in Nassau County District Court to a one-year prison term for the DWI charge, to run consecutively to his unexpired state sentence, which had an original maximum expiration date of December 14, 2003. Upon petitioner's completion of this sentence, he was released back into respondent's custody on December 18, 2001, having spent approximately eight months in the custody of the Nassau County Sheriff's Department. Respondent then served petitioner with a misbehavior report charging him with intentionally absconding from the temporary release program, failing to comply with the rules and regulations of said program, and exceeding the release time limit imposed.

Following a tier III hearing, a Hearing Officer found petitioner guilty of the second charge and not guilty of the remaining charges, which determination was affirmed upon administrative appeal. In consideration of petitioner's DWI conviction, respondent adjusted petitioner's earliest conditional release and maximum expiration dates to August 16, 2003 and August 16, 2004, respectively. Petitioner then commenced this CPLR article 78 proceeding, seeking to have his Nassau County prison time credited against his state sentence. Supreme Court denied petitioner's application as to all but eight days of this sentence (194 Misc 2d 805 [2003]), prompting petitioner's appeal.

We affirm. Penal Law § 70.30 (7) provides that the failure of an inmate participant in a temporary release program to return to the facility where he is incarcerated results in the interruption of his sentence, and such interruption shall continue until the inmate is returned to the institution where the sentence is being served. Contrary to petitioner's contention that this statute does not control where, as here, he has been found not guilty of absconding, we have recently held that "Penal Law § 70.30 (7) unambiguously provides for sentence interruption *whenever* a person on temporary release fails to return *regardless of*

*whether the failure is intentional"* (*People ex rel. Pughe v Parrott,* 302 AD2d 823, 825 [2003] [emphasis added]). Accordingly, respondent correctly determined that petitioner is not entitled to a credit for the eight-month period that petitioner spent in local custody, as this term does not exceed the one-year sentence that was actually imposed by the Nassau County District Court (*see* Penal Law § 70.30 [7] [c]; *People ex rel. Rogers v New York State Bd. of Parole,* 161 Misc 2d 875, 877 [1994]). Petitioner's remaining argument has been examined and found to be unpersuasive.

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 194 Misc 2d 805.]