OPINION OF THE COURT
Mario F. Mattei, J.
“We have firmly held that the failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended” (People v Finnegan, 85 NY2d 53, 58 [1995]).
In the case before the court the defendant has been arrested and charged with two counts of operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and one count of operating a motor vehicle while impaired (Vehicle and Traffic Law § 1192 [1]).
The defendant contends that the accusatory instrument should be dismissed as facially insufficient pursuant to CPL 170.30 and 100.40, for lack of corroboration, because, “although CPL § 60.50 applies to trials, the reasoning set forth in the statute is clearly applicable to misdemeanor complaints and informations.”
The court rejects this argument as having no basis in the law and as an unnecessary intrusion into the province of the Legislature.
The accusatory instrument indicates that the defendant was standing next to a vehicle, that he appeared to be intoxicated in that he had watery eyes, slurred speech, an odor of alcohol on his breath and was unsteady on his feet. It also indicates that the defendant admitted driving the vehicle. A subsequent breathalyzer test indicated that the defendant’s blood alcohol content was .141%.
Defendant claims that the instrument is facially insufficient because CPL 60.50 requires that the admission be corroborated by other evidence.
“Statutory construction begins with attempting to effectuate the intent of the Legislature and the starting place for discerning legislative intent is the plain meaning of the statutory text” (People ex rel. Pughe v Parrott, 302 AD2d 823, 824 [3d Dept 2003] [citation and internal quotation marks omitted]).
CPL 60.50 is contained in article 60 of the Criminal Procedure Law which is entitled “Rules of Evidence and Related *478 Matters.” This article is distinct from article 100 which is entitled “Commencement of Action in Local Criminal Court— Local Criminal Court Accusatory Instruments.” The plain language of CPL 60.50 — “A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed” — makes it applicable to convictions. This is the clear meaning of the text. It is not ambiguous. This should for all practical purposes end the discussion.
“As in all statutory construction cases, we begin with the language of the statute. The first step ‘is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.’ The inquiry ceases ‘if the statutory language is unambiguous and “the statutory scheme is coherent and consistent” ’ ” (Barnhart v Sigmon Coal Co., 534 US 438, 450 [2002] [citations omitted]).
“It is an elementary principle of statutory construction that courts may only look behind the words of a statute when the law itself is doubtful or ambiguous” (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480 [1978]). Based on these basic tenets of statutory construction and legal precedent as to how to apply it, since it is undisputed that the text of CPL 60.50 applies to “convictions” there is no judicial authority or legitimate purpose in trying to determine the “reasoning” behind the statute or trying to apply it to situations in which it does not specifically apply. But even if that argument is pursued, and the “reasoning” behind CPL 60.50 is examined, defendant’s argument clearly fails.
CPL 60.50 is an evidentiary rule as are the other sections of article 60. It is not a rule of form and content. “The purpose of this rule is to guard against the possibility that a defendant may be convicted and jailed for a crime that never occurred . . . It is necessary for the prosecution to come forward with additional proof that the offense charged has been committed . . . (CPL 60.50)” (People v Daniels, 37 NY2d 624, 629 [1975] [emphasis added and citations and internal quotation marks omitted]). It is designed to prevent conviction in the absence of proof at trial that a crime had occurred (People v Murray, 40 NY2d 327, 331 [1976]).
The court has considered and finds unpersuasive the authorities cited by the defense in support of the motion including, inter alia, People v Miedema (24 Misc 3d 132[A], 2009 NY Slip *479 Op 51368[U] [App Term, 9th & 10th Jud Dists 2009]); People v Gundarev (25 Misc 3d 1204[A], 2009 NY Slip Op 51972[U], *5 [Crim Ct, Kings County 2009]); People v Alvarez (141 Misc 2d 686, 691 [Crim Ct, NY County 1988]); People v Ross (12 Misc 3d 755 [Crim Ct, Kings County 2006]); People v Dolan (1 Misc 3d 32 [App Term, 1st Dept 2003]); and People v Walker (21 Misc 3d 748 [Crim Ct, Kings County, 2008]), in large part because the decisions have no legal basis for the action they propose and thus extending the corroboration rule to the sufficiency of informations is an unwarranted and legally unsupported judicial expansion of the pleading requirements.
These decisions and the reasoning behind them invoke a degree of review for confessions which is nonexistent for the other provisions of CPL article 60 which may be alleged in an accusatory instrument.
For instance, when the People allege that an eyewitness observed the defendant commit a crime they need not plead, for the instrument to be facially sufficient, that the identification of the defendant as the perpetrator was in accord with either CPL 60.25 or CPL 60.30; there is no requirement that the People plead the corroboration for an accomplice (CPL 60.22); there is no requirement that the People plead the voluntariness of a statement made by the defendant (CPL 60.45). Also, the People need not plead or prove the testimonial capacity of children pursuant to CPL 60.20 in a misdemeanor information since “both the statutory language and the case law make clear that section 60.20 applies only to a witness actually testifying under oath in a criminal proceeding” (People v Hetrick, 80 NY2d 344, 350 [1992]). These rules of evidence apply to the ultimate admission, acceptance and sufficiency of evidence at trial, and not to the manner in which an indictment or other instrument is drafted. CPL 60.50 should be viewed in the same manner. CPL 60.50 specifically applies to convictions and, by legislative amendment, to indictments (CPL 190.65). There is no provision in either section applying it to criminal court informations.
The requirement of corroboration was extended to the sufficiency of indictments by an amendment to CPL 190.65 and it is argued by the defense, and authorities cited in support of its position, that parity of reasoning requires its application to misdemeanor informations. In this vein the defendant relies on People v Walker (21 Misc 3d at 752), where it was held that “this court can conceive of no justification in law or logic for requiring the corroboration of a defendant’s otherwise unsupported confes *480 sion for grand jury indictments and juvenile delinquency petitions, while dispensing with this requirement for misdemeanor informations.”
This argument is rejected by this court as having no basis in law.
While “[i]t is emphatically the province and duty of the judicial department to say what the law is” (Marbury v Madison, 1 Cranch [5 US] 137, 177 [1803]), “courts should be extremely hesitant in interpolating their notions of policy in the interstices of legislative provisions” (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d at 479). The law regarding CPL 60.50 is clear as to where it applies and therefore any expansion of its application, based on a judicial “justification” as to where the court thinks the law should apply, is not supported by either statutory construction or legal precedent. “[I]t has long been held that where a statute describes the particular situations in which it is to apply, ‘an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded’ ” (Golden v Koch, 49 NY2d 690, 694 [1980], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 240). “Courts are constitutionally bound to give effect to the expressed will of the Legislature and the plain and obvious meaning of a statute is always preferred to any curious, narrow or hidden sense that nothing but a strained interpretation of legislative intent would discern” (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d at 479-480 [citations omitted]). Once again, by a plain reading of the statute and proper statutory construction, CPL 190.65, just like CPL 60.50, refers to evidence and not pleadings, refers to convictions and indictments and not to misdemeanor informations, and is therefore inapplicable in the review of facial sufficiency.
The Walker argument rationale fails upon an actual review of the sections of the CPL which apply to the inspection of indictments. CPL 190.65 authorizes a grand jury to return an indictment when, in pertinent part, “the evidence before it is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent.” Thus, CPL 190.65 requires that actual evidence of corroborations be presented to the grand jury to support the legal sufficiency of an indictment in certain designated types of cases; CPL 190.65 *481 however does not pertain to the “facial sufficiency” of the written indictment and it does not require that the indictment itself contain specific pleadings relating to corroboration. CPL 200.50, which governs the form and content of indictments, was not changed after the amendment of CPL 190.65. Under section 200.50 (7) (a), an indictment must contain
“A plain and concise factual statement in each count which, without allegations of an evidentiary nature,
“(a) asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation” (emphasis added).
Clearly, the parity of reason argument that corroboration is necessary in the pleading of a misdemeanor information so as to treat informations the same as indictments fails since the pleading of the corroboration (evidentiary proof) necessary to make the charges contained in an indictment legally sufficient is prohibited from appearing in the pleading of the indictment itself. Since corroboration is not required to be pleaded, and is indeed forbidden from being pleaded, for the actual written indictment to conform to the proper form and contain the necessary content, despite the provision of CPL 190.65 which specifically applies to indictments, then there exists no legal or logical requirement or basis for the notion that corroboration must be pleaded for the purpose of facial sufficiency in local court criminal accusatory instruments to which CPL 190.65 does not apply.
Defendant’s argument also relies in good part on the holding in People v Alvarez (141 Misc 2d at 691), which states that “[t]o not require corroboration that a crime was committed for misdemeanor informations would be to establish two standards of ‘prima facie’, a more stringent standard for felonies and Family Court petitions and a looser one for misdemeanors.” This rationale, another parity of reason argument in favor of the necessity of corroboration for criminal court informations, is also rejected, since it has no basis in law and apparently fails to appreciate the differences between indictments and informations. A plain reading of the relevant statutes indicates that “two standards” is exactly what the Legislature set up in enacting the current Criminal Procedure Law, as is its prerogative.
“If, as here, the terms of a statute are plain and within the scope of legislative power, it declares *482 itself and there is nothing left for interpretation. To permit a court to say that the law must mean something different than the common import of its language would make the judicial superior to the legislative branch of government and practically invest it with lawmaking power” (Finger Lakes Racing Assn., 45 NY2d at 480).
The form and content of informations and indictments are governed by two distinct sections of law and are significantly different. As pointed out in People v Heller (180 Misc 2d 160, 167 [Crim Ct, NY County 1998]) the sufficiency of indictments requires “legally sufficient evidence” (GPL 190.65) whereas the sufficiency of criminal court informations provides for a “reasonable cause” standard for review (GPL 100.40 [1] [b]; 70.10 [2]) thus obviating the need for corroboration. The “court may not adopt a strained interpretation in order to fill a perceived gap in the statute” (Matter of Kennedy v Kennedy, 251 AD2d 407, 408 [2d Dept 1998], lv denied 92 NY2d 818 [1999]).
“The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory ‘language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words’ used . . . Equally settled is the principle that courts are not to legislate under the guise of interpretation” (People v Finnegan, 85 NY2d 53, 58 [1995] [citations omitted]).
Along these lines it should be noted that there have always been different rules and standards in determining the sufficiency of each of these unique instruments. For instance, there are no sections of law dealing with the “facial insufficiency” of an indictment, requiring that an indictment be sworn to or allowing supporting depositions to be used to support and supplement indictments, yet each of these provisions apply to criminal court informations. Even a plain reading of the title of GPL 190.65, “Grand jury, when indictment is authorized” shows where and when this provision applies — indictments — and speaks volumes as to where it does not apply — local criminal court accusatory instruments and superior court informations. The fact that the corroboration rule was not extended to superior court informations is very telling as to the failure for the arguments that GPL 60.50 must be extended to misdemeanor informations. Superior court informations are the product of a felony complaint. By its very nature a felony complaint *483 need not allege corroboration of confessions to be sufficient. Superior court informations are governed by the same rules as indictments (CPL 200.15) yet there is no requirement that a superior court information allege the corroboration of confessions to be sufficient. The Legislature chose not to include superior court informations when it enacted CPL 190.65 and the requirement of corroboration. This once again shows the limited extent to which the Legislature expanded the need for corroboration — indictments only. It also reinforces the conclusion that the corroboration rule is an evidentiary and not a pleading matter.
The parity of reason argument mixes apples and oranges to create an illusion of logical symmetry (corroboration is necessary for an indictment so it logically should be required for an information) but actually misses the point of the corroboration rule and the protection it applies. When viewed properly, the corroboration rule is and has always been a rule of evidence pertaining to convictions and the logical symmetry sought is present in the practical application of the rule; this rule of evidence, now specifically extended to the grand jury, has always existed for both felony and misdemeanor trials and convictions. No misdemeanor conviction can be sustained if it is based solely upon the defendant’s admission absent other evidence that a crime was committed just as no felony conviction can stand if it is based solely on the admission of a defendant absent evidence that a crime was committed. There is no need to resort to a “parity of reasoning argument” as a straightforward reading and application of the law already provides the necessary protections to defendants in both felony and misdemeanor cases. The logical reason behind the extension of the rules of corroboration to grand jury proceedings is that now the rules of corroboration apply to all matters that will be decided by a jury where evidence is actually heard. This logic also renders the corroboration rule inapplicable to the facial sufficiency requirements of a criminal court information. “A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit” (Matter of DiMarino v Maher, 76 AD3d 653, 654-655 [2d Dept 2010]).
There is one additional consideration which shows why the parity of reasoning argument also fails. The court finds, after a review of the legislative history of this section, including the Commission Staff Notes and the 1983 Recommendations of the Advisory Committee on Criminal Law and Procedure, as well as *484 the cases relied on by the Commission and the Advisory Committee, that the Legislature’s concern in enacting CPL 190.65 was to assure that only competent evidence was adduced before the grand jury (People v Peetz, 7 NY2d 147 [1959]) and that the same corroboration rules required for conviction after trial be applied in cases before the grand jury involving accomplices (People v Laws, 54 AD2d 518 [3d Dept 1976]), conspiracies (People v King, 48 AD2d 457 [1st Dept 1975]), sex offenses (People v Thompson, 30 NY2d 971 [1972]), and perjury (People v Rinaldi, 44 AD2d 745 [3d Dept 1974]). Based on this history, and the rules of statutory construction, it is clear that CPL 190.65, and in particular its language “corroboration that would be required, as a matter of law, to sustain a conviction” (CPL 190.65 [1] [a]), is limited to the enumerated types of cases where corroboration is a necessary and independent element of proof required to support a conviction, and that it does not incorporate the procedural rule or purpose of CPL 60.50, requiring corroboration of a defendant’s confession or admission to misdemeanor informations (see People v Vialva, 23 Misc 3d 1105[A], 2009 NY Slip Op 50594[U] [Crim Ct, Kings County 2009]; People v Heller, 180 Misc 2d 160 [Crim Ct, NY County 1998]; People v McKinney, 145 Misc 2d 460, 463 [Crim Ct, Kings County 1989] [“the failure in 1983 to add a corroboration requirement to CPL 100.40 (1) (c) was not an oversight but, rather, entirely consistent with the limited purpose of the 1983 amendment . . . where the Legislature has amended a specified statute, the failure to similarly amend another statute indicates that the amendment was intended only to cover the specified statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.)”]).
For purposes of facial sufficiency, “[s]o long as the factual allegations of an information give the accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]) and, at the pleading stage, all that is needed is that the factual allegations are sufficiently evidentiary in character and tend to support the charges (People v Allen, 92 NY2d 378 [1998]).
The function of an information is to provide sufficient allegations to bring a defendant to trial. Here, the information has fulfilled that function with regard to all of the charges.
The requirement for corroboration of a confession contained in a misdemeanor information did not exist under the former *485 Code of Criminal Procedure; it was not written into the current Criminal Procedure Law in 1970; it was not included in any of the numerous amendments to the CPL since then; it is not specifically listed in CPL 60.50; it was not included in the significant change made with the adoption of the current CPL 190.65; it is not even hinted at in the legislative history. Legal precedent from our Court of Appeals is clear: “We have firmly held that the failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended” (People v Finnegan, 85 NY2d at 58). Therefore, corroboration of a confession pursuant to CPL 60.50 is not required to be pleaded in a misdemeanor information under CPL 100.40; accordingly this court finds that the information is facially sufficient and that each element of the offenses charged has been established through nonhearsay factual allegations. It is hereby ordered that defendant’s motion to dismiss is denied.