OPINION OF THE COURT
Rose, J.P.
Petitioners, as the prospective adoptive parents of Andie B. (born in 2010), commenced this private placement adoption proceeding and, shortly thereafter, they, the attorney for the child and respondent, the child’s biological mother, executed a postadoption contact agreement and filed it with Family Court.[1] The attorney for the child moved for an order incorporating the agreement into the order of adoption, respondent filed a similar motion and petitioners submitted correspondence to the court indicating their support of both motions. Family Court denied them, however, finding that there was no specific legal authority that would allow it to enforce the terms of the agreement in the event of a dispute. Respondent and the attorney for the child now appeal.[2]
Domestic Relations Law § 112-b, enacted in 2005 (see L 2005, ch 3, § 1, part A, § 63), allows parties to an adoption proceeding to enter into a legally enforceable agreement regarding post-adoption contact. Pursuant to the statute, such agreements may be incorporated into an adoption agreement if they are set forth in writing, consented to by the parties and the attorney for the child, and the court determines that the agreement would be in the adoptive child’s best interests (see Domestic Relations Law § 112-b [2]). Failure to comply with the terms of such an agreement may not be grounds to set aside an adoption decree, but the agreement may be enforced by filing a petition in Family Court (see Domestic Relations Law § 112-b [3], [4]). Enforcement will only be ordered if it is determined to be in the child’s best interests (see Domestic Relations Law § 112-b [4]).
*130 While Domestic Relations Law § 112-b is found under title 2 of the adoption article, labeled “Adoption from an Authorized Agency,” that heading “is not a part of the act and does not extend or restrict the language contained in the body of the statute” (McKinney’s Cons Laws of NY, Book 1, Statutes § 123 [b]). A review of the body of the statute does not reveal any language limiting its application to authorized agency adoptions (see Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 112-b at 224). As the language in the body of the statute is clear and unambiguous, we need not refer to the title heading to ascertain the legislative intent (see Matter of Suffolk Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 11 NY3d 559, 571 [2008]; People v O’Neil, 280 App Div 145, 146 [1952]). Nor will we do so to limit the application of the statute (see People ex rel. Pughe v Parrott, 302 AD2d 823, 824-825 [2003]). Moreover, the statute specifically states that it should not “be construed to prohibit the parties to a proceeding under this chapter from entering into an agreement regarding communication with or contact between an adoptive child, adoptive parent or parents and a birth parent or parents and/or the adoptive child’s biological siblings or half-siblings” (Domestic Relations Law § 112-b [1] [emphasis added]). Inasmuch as the chapter includes title 3 of the adoption article, which provides for private placement adoptions, we find nothing to suggest an intent to prohibit the incorporation of postadoption contact agreements in such adoptions.
Accordingly, we conclude that, pursuant to Domestic Relations Law § 112-b, Family Court has the authority to incorporate the parties’ postadoption contact agreement into its adoption order, provided that the procedural requirements of the statute are satisfied and the court determines that the agreement is in the child’s best interests. Inasmuch as “[a]n evidentiary hearing is generally necessary to determine what is in the best interests of the child” (Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d 1174, 1174 [2009]; see Matter of Howard v Barber, 47 AD3d 1154, 1155 [2008]), and no evidentiary hearing was held in this proceeding, this matter must be remitted to Family Court to determine whether the postadoption contact agreement here is in the child’s best interests. In view of our decision, we need not address respondent’s constitutional challenge to the adoption statutes.
*131 Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for a hearing as to the best interests of the child.

. The biological father of the child signed an extrajudicial consent that he has never attempted to revoke and he is not otherwise involved in this proceeding.

. Petitioners have submitted a letter to this Court indicating their support of the appeals.